WIRT ADAMS, Revenue Agent, *v.* OFFICERS OF COURT.

**Rule Nisi — Court Officers — Scire Facias.**

> Officers of court cannot by a mere motion for a rule *nisi* obtain judgment thereon, there being no legal foundation for such an extraordinary proceeding, and a *scire facias* issued on such a rule will be quashed and judgment vacated.[1]

There was instituted in the Circuit Court of Jefferson county two suits styled " Wirt Adams, revenue agent, for the use of Jefferson county *v.* F. A. Cameron et al.," and upon which judgment was rendered for plaintiff. After execution had been levied upon property of the defendant, plaintiff settled both causes upon a stipulated payment, and released the defendants from the costs incurred in the suits, and from the principal amount. Whereupon, on the 26th day of May, 1885, the " officers of court " of Jefferson county, filed a motion in the Circuit Court for a *rule nisi* requiring the plaintiff to pay all the costs incurred by him in the two suits against Cameron et al. Default having been made on said rule, a scire facias was awarded accordingly. In answer to said writ, appellant denied that he was amenable to the sum-

---

1

The office of a scire facias is to revive and have execution of a judgment. Hughes *v.* Wilkinson, 37 Miss. 482.

Where a scire facias is issued without authority of law, the defendant may, after plea, and verdict, and judgment against him, and at the same term at which the judgment is rendered, move to quash the scire facias. Locke *v.* Brady, 30 Miss. 21.

mary jurisdiction of the said Circuit Court, individually, or as said revenue agent, by motion, rule, or otherwise, and that said writ showed no liability to the said " officers of court," and requested that the writ scire facias be quashed and the rule *nisi* be vacated.     On November 24, 1885, issue having been joined, on motion of plaintiff, the rule *nisi* was made absolute, and judgment rendered thereon for $384.90, and from this judgment defendant appeals.

APPEALED from the Circuit Court, Jefferson county, J. B. CHRISMAN, Judge.

Reversed and dismissed, March 15, 1886.

*Attorneys for appellant, L. Brame and A. M. Lea.*

*Attorneys for appellee not named in record.*

Brief of L. Brame:

\*   \*   \*   The appellant appeared and filed a demurrer to the so-called scire facias, setting up the following grounds that present at once the whole question as to the liability and the power of the court in that form of proceedings:

" 1. That he is not amenable to the summary jurisdiction of this court individually or as said revenue agent, by motion, rule, or otherwise.

" 2. That the said matters and things recited in said writ of scire facias disclose no liability of the respondent to said officers of court either individually or officially."

This demurrer sharply and clearly brought to the attention of the court the obstacles which prevented, or should have prevented, any other step against the appellant.

But, without noticing this demurrer, and having made no disposition of it whatever, without any plea or answer raising an issue of fact, the court, *on a mere motion* of the officers of the court, entered a *final* judgment against the appellant for $384.90 and costs of this proceeding.

Aside from the other questions, this was error.     Marlow *v.* Homer, 6 How. 189; Mayfield *v.* Barnard, 43 Miss. 270.

Even if there had been no appearance, a judgment by default on the showing made in this record would have been void. Turner *v.* McAdory, 58 Miss. 27.

Brief for appellee not found in the record.

OPINION.— CAMPBELL, J., delivered the opinion of the court:

We are not aware of any legal foundation for the proceeding which terminated in the judgment appealed from. No law authorizes a motion, judgment *nisi,* scire facias, and final judgment in such case, and the judgment is reversed, the judgment *nisi* vacated, and the proceeding dismissed, leaving the officers of court to pursue their rights in some manner authorized by law as they may be advised.

*Reversed.*